¶ 1. Appellant Felix Graham was indicted by a Bolivar County grand jury for aggravated assault and possession of a deadly weapon by a convicted felon. Following a trial, the jury found Graham guilty of the crimes charged. At the sentencing, the trial court held a hearing pursuant to section 99-19-83 of the Mississippi Code and determined that Graham was a habitual, violent offender and sentenced him to life imprisonment on both counts without the possibility of parole. Aggrieved, Graham appeals, arguing that the trial court erred in denying his motion for directed verdict or, in the alternative, a new trial. *Page 1152 
 FACTS ¶ 2. On June 4, 1997, at approximately two o'clock in the morning, Danny Johnson had his cousin drop him off at the intersection of Glasco and Crisham Streets in Cleveland, Mississippi. Several bars and a barber shop bordered the intersection, making it a popular place of late night congregation. The intersection had a reputation as a place for gang activity, including drugs and gunfire.
 ¶ 3. After his cousin dropped him off, Danny found his girlfriend, Janet Norris, and began talking with her. As Norris was leaving, Danny noticed Felix Graham appear from behind one of the nearby buildings. According to Danny, Graham had a gun and began firing in his direction. Danny attempted to run from Graham; however, the chase ended when a beige vehicle pulled up, stopping Danny in the middle of the intersection. Graham grabbed onto Danny and shot him twice through the top of his head. As a result, Danny was paralyzed on his left side and lost all hearing in his right ear.
 ¶ 4. Two other witnesses testified that Graham was responsible for the shooting. Gary Hodges, Danny's brother, saw Graham come from behind the bar and begin shooting. Hodges, fearing that the bullets were intended for him, fled the scene in his car. When he returned he saw Lenkendrik Johnson, Danny's other brother, pulling Danny from the middle of the intersection. Lenkendrik testified that he pulled up to the intersection right after the shooting. Lenkendrik observed his brother's body lying in the middle of the road and Graham walking away. Lenkendrik stated that Graham was holding a gun.
 ¶ 5. Graham denied that he shot Danny. He testified that he was at his cousin's house at the time of the shooting. Likewise, Graham denied that he possessed a firearm that night. Graham notes that the gun used in the shooting was never recovered and there was no physical evidence linking him to either crime.
 LAW AND ANALYSIS ¶ 6. Graham asserts that the trial court erred in denying his motion for a directed verdict or, in the alternative, a new trial. A motion for a directed verdict challenges the legal sufficiency of evidence supporting a guilty verdict. Adams v. State, 794 So.2d 1049,1058 (¶ 25) (Miss.Ct.App. 2001). When testing the sufficiency of evidence, this Court accepts all evidence supporting the guilty verdict as true, affording the State "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Wetz v. State,503 So.2d 803, 808 (Miss. 1987). We will not reverse unless it is clear from the evidence that "no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty." May v. State,460 So.2d 778, 781 (Miss. 1984).
 ¶ 7. Graham also argues that the verdict was against the overwhelming weight of the evidence, noting that no physical evidence was offered against him and two alibi witnesses testified that he was not present at the time of the shooting. An assertion that the verdict was against the overwhelming weight of the evidence is challenged in a motion for a new trial. A motion for a new trial is addressed to the sound discretion of the trial court. Neal v. State, 451 So.2d 743, 760 (Miss. 1984). A trial court should grant a motion for new trial only where "the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice."Wetz, 503 So.2d at 812. When we review the trial court's denial of a motion for new trial we accept as true all evidence favoring the State and *Page 1153 
will not reverse absent a clear abuse of discretion. Id.
 ¶ 8. Under this rigorous standard of review, we find no error. Three witnesses testified that Graham was responsible for the shooting. According to Danny, Graham emerged from behind a nearby building with a gun in his hand. Danny testified that he immediately began running away from Graham; however, Graham caught Danny and shot him twice in the head. Likewise, Gary Hodges testified that he noticed Graham come from behind the building shooting a gun. When Hodges returned to the scene, Danny was slumped over in the middle of the street with gunshot wounds to his head. Finally, Lenkendrik Johnson stated that when he pulled up to the scene of the shooting he observed Graham walking away from Danny who was lying in the middle of the street. Lenkendrik Johnson asserted that Graham was carrying a gun in his hand.
 ¶ 9. Contrary to Graham's argument, the absence of physical evidence does not negate a conviction where there is testimonial evidence. See Williams v. State, 512 So.2d 666, 670 (Miss. 1987). Moreover, it is of no consequence that there were minor inconsistencies in the testimonies used to support the verdict. It has long been a rule in Mississippi that "the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness." Meshell v. State, 506 So.2d 989, 992 (Miss. 1987). See also Groseclose v. State, 440 So.2d 297, 300 (Miss. 1983) (noting that the weight given to testimony is not determined by the number of witnesses). We cannot conclude that the evidence before the jury was such that all reasonable jurors could only find the accused not guilty, nor is it apparent that the verdict was so unconscionable as to require a new trial. This assignment is without merit.
 ¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OFCONVICTION OF COUNT I AGGRAVATED ASSAULT AND SENTENCE OF LIFEIMPRISONMENT WITHOUT THE POSSIBILITY OF PAROLE TO RUN CONSECUTIVELY TOANY AND ALL SENTENCES PREVIOUSLY IMPOSED; AND COUNT II POSSESSION OF AFIREARM BY A FELON AND SENTENCE OF LIFE IMPRISONMENT TO RUN CONCURRENTLYTO SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENTOF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TOBOLIVAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE,IRVING, MYERS AND BRANTLEY, JJ., CONCUR.