LEE, J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On March 29, 2002, Earl Vader Gibson was walking home when Sylvester Williams approached him from behind. Williams proceeded to jump upon Gibson and grab Gibson’s wallet from his back pocket. Williams and Gibson “tussled” over the wallet before Williams was able to get away with the wallet. Gibson knew Williams and was able to identify Williams as the perpetrator.
¶ 2. On February 24, 2003, a jury in the Circuit Court of Lincoln County found Williams guilty of robbery. Williams was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections, with ten years suspended and five years on post-release supervision. Williams’s sentence was to run consecutive to another sentence he was serving.
¶ 3. Williams appeals to this Court asserting that the trial court erred in failing to grant his motion for a judgment notwithstanding the verdict.
DISCUSSION
I. DID THE TRIAL COURT ERR IN FAILING TO GRANT WILLIAMS’S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT?
¶ 4. In his only issue, Williams asserts that the trial court erred in failing to grant his motion for a judgment notwithstanding the verdict. Specifically, Williams claims that the evidence at trial was insufficient to support the guilty verdict. When testing the legal sufficiency of the State’s evidence, the applicable standard of review is that the court must review the evidence in the light most favorable to the [S]tate, accept as true all the evidence supporting the guilty verdict, and give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The court will reverse only when reasonable and fair-minded jurors could find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). Furthermore, it has long been a rule in Mississippi that it is within the discretion of the jury to accept or reject testimony by a witness, and the jury “may give consideration to all infer- *1128 enees flowing from the testimony.” Mangum v. State, 762 So.2d 337(¶ 12) (Miss.2000) (quoting Grooms v. State, 357 So.2d 292, 295 (Miss.1978))
¶ 5. Williams chiefly argues that, other than Gibson’s eyewitness testimony, there was no direct physical evidence linking him to the crime. However, “the absence of physical evidence does not negate a conviction where there is testimonial evidence.” Graham v. State, 812 So.2d 1150(¶ 9) (Miss.Ct.App.2002); see also Williams v. State, 512 So.2d 666, 670 (Miss.1987). During his testimony, Gibson stated that it was Williams who robbed him that Friday night. Gibson knew Williams and was able to identify him easily. Although Gibson waited until Monday morning to press charges against Williams, he testified that he did so in order to give Williams an opportunity to return the wallet. Gibson also stated that Williams called him several days later and apologized for the incident. On cross-examination, Gibson admitted to having two or three beers at a friend’s house two dr three hours before the robbery occurred. Williams testified on his own behalf and asserted that he had not committed the crime.
¶ 6. In reviewing the record, we cannot find that there was insufficient evidence to support the guilty verdict. Furthermore, the jury found Gibson to be a credible witness and believed his version of the events. We do not find the trial court in error for failing to grant a judgment notwithstanding the verdict. Thus, this issue is without merit.
¶ 7. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS, WITH FIVE TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, TEN YEARS SUSPENDED, AND FIVE YEARS’ POST-RELEASE SUPERVISION, WITH SAID SENTENCE TO RUN CONSECUTIVELY TO THE SENTENCE HE IS CURRENTLY SERVING, AND TO PAY RESTITUTION OF $90, IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.