CARLTON, J.,
for the Court:
¶ 1. Joquita Haywood appeals the judgment of the Bolivar County Circuit Court which convicted her of the crime of aggravated assault and sentenced her to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended and ten years to serve. Haywood argues that insufficient evidence exists to sustain her conviction of aggravated assault.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On March 31, 2011, Jebecca Triplett, Sharonda Rash, and Kinwandra McRoy visited the Paradise Lounge in Mound Bayou, Mississippi. At some point during the evening, Rash and McRoy went to the restroom. When they arrived outside the restroom, they pushed open the door and noticed that women were already inside the restroom. One of the women inside of the restroom shoved the door closed. McRoy and Rash waited outside. Eventually, the women, including Haywood, exited the restroom and began exchanging words with Rash and McRoy. This escalated into a fist fight, which resulted in Rash receiving a blow to the hand with a pool stick. The owner of the club broke up the fight, and the women left the club.
¶ 4. Triplett, Rash, and McRoy walked from the Paradise Lounge across the street to the parking lot where Triplett had parked her vehicle. McRoy testified that Haywood and Tabitha Fields approached the women as they were getting inside of Triplett’s vehicle. McRoy testified that Fields was carrying a stick and swung it at her. McRoy grabbed the stick from Fields as she swung it. The women again exchanged words, and a second fight started. During this altercation, McRoy was shot in the stomach. Triplett and Rash put McRoy inside Triplett’s vehicle and took her to the hospital.
¶ 5. Following an investigation, law enforcement officers presented McRoy with a photo lineup, which included a picture of Haywood, and asked her to identify the shooter. McRoy identified Haywood as her shooter.
¶ 6. A Bolivar County grand jury indicL ed Haywood for the crime of aggravated assault under Mississippi Code Annotated section 97-3-7 (Supp.2012). A jury ultimately convicted Haywood of the crime charged, and the trial court sentenced her to twenty. years in the custody of the MDOC, with ten years suspended. Following the trial court’s denial of Haywood’s motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative,' motion for a new trial, Haywood appealed.
DISCUSSION
¶ 7. In. her only issue on appeal, Haywood argues that the evidence insufficiently supported the guilty verdict. Haywood claims that the contradictory testimony of the State’s witnesses did not support a verdict of guilty beyond a reasonable doubt, and a new trial is warranted. The State responds by arguing that Haywood is procedurally barred from raising this issue on appeal. In support of its argument, the State alleges that Haywood failed to file a peremptory instruction and failed to renew her motion for a directed verdict at the conclusion of all of the evidence.
¶ 8. The record shows that Haywood moved for a directed verdict at the conclusion of the State’s evidence. The trial court denied the motion, and Haywood failed to renew the motion at the *1130 conclusion of all of the evidence. “If a defendant puts on evidence in [her] own defense after the denial of [her] motion for a directed verdict, [s]he waives [her] challenge to the sufficiency of the State’s evidence up to that point.” Carey v. State, 80 So.3d 131, 134 (110) (Miss.Ct.App.2012) (quoting Robinson v. State, 749 So.2d 1054, 1058-59 (113) (Miss.1999)). The defense orally moved for a finding of not guilty, or a peremptory instruction, after the record had been closed for receipt of evidence and prior to instruction of the jury by the court. The-trial court denied the defense’s motion for a finding of not guilty. In Haywood’s post-trial motions, she then argued that “the verdict of the jury was against an overwhelming weight of the evidence and further that the State of Mississippi failed to prove a prima facie case as charged in the indictment.” Contrary to the State’s argument, we find that no procedural bar prevents Haywood from raising this issue on appeal.
19. Haywood argues that her conviction by the jury was supported by insufficient evidence, and it was against the overwhelming weight of the evidence. Upon review, we find no merit to her assertion of such error. When reviewing the sufficiency of the evidence, “the critical inquiry is whether the evidence shows beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.” Bush v. State, 895 So.2d 836, 843 (116) (Miss.2005) (internal quotations omitted). “A motion for a new trial falls within a lower standard of review than does that of a judgment notwithstanding the verdict or a directed verdict. A motion for a new trial simply challenges the weight of the evidence. [This Court] will reverse the lower court’s denial of a motion for a new trial only if, by doing so, the court abused its discretion.” Daniels v. State, 107 So.3d 961, 963 (¶¶ 10-12) (Miss.2013) (citation omitted).
¶ 10. Here, the record shows that McRoy, the victim, identified Haywood as her shooter in a photo lineup prior to trial, and another eyewitness, Rash, also identified Haywood at trial as the person who shot McRoy. McRoy further testified that she “knew exactly who shot [her]” and never wavered in her testimony that Haywood shot her.
¶ 11. Haywood asserts that the State presented conflicting testimony and argues that “the State used three primary eyewitnesses without the benefit of any physical evidence to support its claim” that Haywood committed aggravated assault. However, the jury possesses the responsibility of balancing the credibility of witnesses and determining the amount of weight to give their testimonies. Carey, 80 So.3d at 135 (¶ 11). Furthermore, we acknowledge that “the absence of physical evidence does not negate a conviction where there is testimonial evidence.” Williams v. State, 879 So.2d 1126, 1128 (¶ 5) (Miss.Ct.App.2004) (citation omitted).
¶ 12. In reviewing the record, we find that sufficient evidence existed to support the guilty verdict.[1] Accordingly, we find that this issue is without merit.
¶ 13. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS, WITH TEN YEARS SUSPENDED AND TEN YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF *1131 CORRECTIONS, AND TO PAY A $2,500 FINE, $500 TO THE CRIME VICTIMS’ COMPENSATION FUND, AND $70 IN RESTITUTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, PJJ, BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. See Daniels, 107 So.3d at 963 (¶¶ 10-12).