BARNES, J., for the Court:
¶ 1. A Harrison County Circuit Court jury found Bernard Hayes guilty of carjacking Courtney Varhol’s vehicle. The trial judge sentenced Hayes to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), and ordered him to pay the victim $13,144 in restitution and any extradition costs. Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. At approximately 9 p.m. on June 2, 2011, twenty-three-year-old Courtney Va-rhol was driving alone in her vehicle to her friend’s house in Biloxi, Mississippi. She decided to go through the drive-through at the Taco Bell in Gulfport, Mississippi. As she was waiting in line, she noticed a ma wearing a jacket walking through a grassy area between the drive-through and the road. When Varhol arrived at the speaker *911 to give her order, the man got into her vehicle on the passenger side and said: “[I]f you scream I will f* * *ing kill you.” Varhol tried to get out of her vehicle, but the man pushed her out, telling her to “just get the f* * * out.” As she exited her vehicle, Varhol tried to grab her wallet, but the assailant punched her in the jaw. Varhol then let go of her wallet. The man drove off in her vehicle, jumping the curb and driving through the grass, heading south on Cowan Road.
¶ 3. In a state of shock, Varhol ran to the drive-through window and yelled at Taco Bell employee Kearra Sharpe to call 911, and report that her vehicle had been stolen. Gulfport Patrol Officer Ashley Ruiz happened to be at the Taco Bell, and was flagged down about the incident. She sent out a BOLO (“be on the lookout”) for a car matching the description of Varhol’s vehicle — a grey 2008 Nissan Altima with a personalized tag of CYOULKN. Officer Ruiz took the statements of Varhol and Sharpe, noting Varhol was visibly “very shaken up” about the carjacking.
¶ 4. Varhol described her assailant as a black male, approximately five feet eight inches tall, weighing 140 pounds, with “dread-like braids,” wearing a jacket, and with “some pretty red lipstick smeared across his face.” This description matched a description of an individual Officer Ruiz had encountered approximately thirty minutes prior to the incident, when she had received a “suspicious-person’s call” about an individual approximately one-half a mile west of the Taco Bell. Officer Ruiz described the individual as having “short, messy dreads,” wearing a light-pink t-shirt, capris, a brown jacket with fur on the cuffs and collar, and lipstick.
¶ 5. Gulfport Officer Walter Brightman was patrolling Highway 49 when the BOLO went out. He identified a vehicle matching the dispatch’s description with the personalized license plate “CYOULKN,” which was recklessly passing traffic. Officer Brightman turned on his blue lights and sirens, and engaged in pursuit. The vehicle was speeding at seventy to ninety miles per hour.
¶ 6. Biloxi Officer Jeff Quade, who works the night shift, was patrolling the west side of Biloxi that evening. He heard the BOLO about the vehicle, and identified a vehicle matching the Altima’s description traveling at a high rate of speed down Highway 90, with two flat tires and no headlights. Sparks were shooting off of the tire rims. Officer Quade began pursuing the stolen vehicle with his blue lights flashing, followed by Officer Brightman. The pursuit lasted two more miles, when the vehicle wrecked, leaving the roadway and nearly rolling over. The lone occupant of the vehicle fled on foot, dropping a jacket. He also attempted to throw a wallet over a fence. The wallet was later recovered. Officer Brightman tackled the suspect in a foot chase, and placed him in handcuffs. The individual apprehended was identified as Hayes.
¶ 7. A Harrison County jury returned an indictment against Hayes for carjacking. Hayes was extradited from the San Francisco, California Police Department to Harrison County, and pleaded not guilty to the charge. At trial, Hayes chose to represent himself with stand-by assistance from a public defender. Five witnesses testified for the State, including Varhol, Sharpe, and Officers Ruiz, Quade, and Brightman. Varhol positively identified Hayes as her assailant and the vehicle thief. Varhol’s wallet was entered into evidence and positively identified by Va-rhol, as was Hayes’s brown jacket.
¶ 8. Hayes testified on his own behalf. He told the trial court that he got into an argument with his girlfriend on the night of the incident. He left a house, walking *912 the back roads, when he saw an unoccupied vehicle with the engine running. He jumped into the vehicle and drove to Biloxi. When he was on Highway 90, he noticed a “cop car” behind him, but he did not stop because he did not want to go back to jail, as he was recently released and on earned release supervision. Hayes continued driving the vehicle until the “tires popped.” He then exited the vehicle and ran. Hayes denied carjacking Va-rhol’s vehicle. He maintained he was not near the Taco Bell the evening of June 2.
¶ 9. After ten minutes of deliberating, the jury returned a verdict of guilty of carjacking. The trial judge sentenced Hayes to serve the maximum term of fifteen years in the custody of the MDOC. The trial court denied Hayes’s motion for a new trial and for acquittal notwithstanding the verdict. Hayes timely appeals, arguing the verdict was against the overwhelming weight of the evidence.
ANALYSIS
¶ 10. “A motion for [a] new trial challenges the weight of the evidence. A reversal is warranted only if the lower court abused its discretion in denying a motion for [a] new trial.” Dilworth v. State, 909 So.2d 731, 737 (¶ 20) (Miss.2005) (quoting Howell v. State, 860 So.2d 704, 764 (¶ 212) (Miss.2003)). The reviewing court will not disturb the verdict unless allowing “it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844( ¶ 18) (Miss.2005). The evidence will be viewed in the light most favorable to the verdict. Id. It is the jury’s role to assess the weight and credibility of the evidence and to resolve any conflicts in the evidence. Latiker v. State, 918 So.2d 68, 73 (¶ 12) (Miss.2005).
¶ 11. Hayes argues that the testimony presented at trial was “inconclusive and unsupportive of the conviction.” Hayes contends that even though he admitted to taking the vehicle, no motive was presented regarding Varhol’s injury. Further, he denied being at the Taco Bell the night in question, and denied taking the vehicle directly from Varhol. Instead, he claims he only took an abandoned, running vehicle. Hayes also complains that video footage from a nearby fast-food restaurant was not obtained, which he claims would have proven he was not at the Taco Bell. Additionally, there was no photo or in-person lineup shown to Varhol by law enforcement in order to identify Hayes.
¶ 12. Hayes was indicted under Mississippi Code Annotated section 97-3-117(1) (Rev.2006), which defines carjacking as follows:
Whoever shall knowingly or recklessly by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, or attempting to do so, or by any other means shall take a motor vehicle from another person’s immediate actual possession shall be guilty of carjacking.
The jury was instructed' on the necessary elements of carjacking. The weight’ of the evidence supporting the verdict was substantial. Varhol testified that she was certain Hayes was the individual who pushed her out of her vehicle after punching her in the jaw and threatening to kill her at the Taco Bell drive-through. She watched him drive off recklessly in her vehicle with her wallet. Hayes’s distinctive hair dreads, fur-lined jacket, and/or lipstick that he was wearing that evening were noted by Varhol, Sharpe, Officer Ruiz, and Officer Brightman. Varhol’s identification of Hayes matched the identification of a suspicious person Officer Ruiz had just encountered near the Taco .Bell. Hayes was seen by law enforcement speeding and driving recklessly throughout Gulfport and Biloxi in Varhol’s vehicle, with its personal *913 ized license plate. Officer Brightman chased Hayes by vehicle and on foot. He saw Hayes drop his jacket and attempt to throw a wallet, later identified as Varhol’s, over a fence. Both items were recovered and entered into evidence.
¶ 13. As there was a conflict in the testimony between the State’s five witnesses and Hayes’s version of the events, his involvement in the crime was a question for the jury, and the jury rejected Hayes’s version. “[T]he absence of physical evidence does not negate a conviction where there is testimonial evidence.” Graham v. State, 812 So.2d 1150, 1153 (¶ 9) (Miss.Ct.App.2002). The fact that during the criminal investigation certain video footage from a nearby fast-food restaurant was not obtained, or that there was no in-person or photographic-lineup identification of Hayes, does not negate the jury verdict. We conclude that allowing the verdict to stand does not sanction an unconscionable injustice.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF CARJACKING AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY RESTITUTION OF $13,144 AND EXTRADITION COSTS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.