## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00934-COA

JASON BOZEMAN A/K/A JASON BOZMAN            APPELLANT

v.

STATE OF MISSISSIPPI                                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/09/2014 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: BENJAMIN ALLEN SUBER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FONDLING AND SENTENCED TO TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH EIGHT YEARS TO SERVE AND FOUR YEARS SUSPENDED, WITH THE SENTENCE TO RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED, TO PAY A FINE OF $1,000, AND TO REGISTER AS A SEX OFFENDER |
| DISPOSITION: | AFFIRMED - 01/17/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.**

**BARNES, J., FOR THE COURT:**

¶1. On December 15, 2012, eight-year-old M.W. was spending the weekend with her

grandmother, S.C.[1]  The child informed S.C. that Jason Bozeman, her uncle, had inappropriately touched her on several occasions in the past few months.[2]  Bozeman, who was in his thirties, lived in a camper on the same property where M.W. and her parents resided.  S.C. immediately informed the child's parents, who contacted the Tunica County Sheriff's Department.  A forensic interview with the child took place January 24, 2013; no physical examination of the child was conducted.

¶2.     Bozeman was indicted for one count of fondling and two counts of sexual battery in violation of Mississippi Code Annotated sections 97-5-23 and 97-3-95 (Rev. 2006).  During the jury trial, M.W. testified that Bozeman had touched her with his hands and his "private parts."  Based on the details provided to her by the child, the forensic interviewer testified that her "findings were consistent with that of a child that had been sexually abused."

¶3.     Bozeman was convicted of count one, fondling, and sentenced to twelve years in the custody of the Mississippi Department of Corrections, with eight years to serve and four years suspended, with the sentence to run consecutively to any sentences previously imposed.  He was found not guilty of the other two counts of  sexual battery, and those charges were dismissed.  Bozeman filed a motion for a judgment notwithstanding the verdict, or in the alternative, for a new trial, which the circuit court denied.  Finding no error, we affirm

---

[1] Due to the victim's age and the sexual nature of the crime, initials are being used to protect the victim's identity.

[2] Bozeman was M.W.'s uncle by marriage; he was married to the sister of M.W.'s father, and the couple was going through a divorce.

Bozeman's conviction and sentence.

## DISCUSSION

¶4.    Bozeman's sole argument on appeal is that, due to the State's failure to provide any physical evidence that he touched the child inappropriately, the verdict is against the overwhelming weight of the evidence. He notes there was no medical examination of M.W. conducted to determine if the child had been molested. Therefore, Bozeman contends he is entitled to a new trial.

¶5.    "[M]atters regarding the weight of the evidence are within the province of the jury." *Jackson v. State*, 154 So. 3d 58, 62 (¶18) (Miss. Ct. App. 2014) (citing *Stegall v. State,* 765 So. 2d 606, 610 (¶10) (Miss. Ct. App. 2000)). "A jury's verdict will not be disturbed unless 'it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.'" *Hernandez v. State*, 137 So. 3d 889, 893 (¶18) (Miss. Ct. App. 2013) (quoting *Bush v. State,* 895 So. 2d 836, 844 (¶18) (Miss. 2005)). When asked at trial whether Bozeman had touched her "in places he shouldn't have," M.W. replied affirmatively.

> Q.    You said he touched you with what? Was it his hands or something else?
>
> A.    With his hands.
>
> Q.    Did he touch you in places he shouldn't have touched you?
>
> A.    Yes, sir.
>
> . . . .

3

Q. Did he take anything besides his hand when he touched you? Did he use his private parts or anything when he touched you?

A. Yes, sir.

The forensic interviewer corroborated this testimony, explicitly stating:

> Based on all the information that [M.W.] told me, that [Bozeman] put his mouth on her mouth, that he put his mouth inside her vagina, all of the sensory information that she was able to provide, the fact that she told me he put his penis and two fingers inside her buttocks, his penis on and inside her vagina, and that she had to play with his penis or touch his penis, my findings were consistent with that of a child who has been sexually abused.

¶6. Bozeman testified, however, that he never touched M.W. During his closing argument, defense counsel asserted that there was "no proof" and that the State "didn't have nothing but the words." As the Mississippi Supreme Court has observed, however, "there is typically no physical evidence of fondling." *Derouen v. State*, 994 So. 2d 748, 752 (¶10) (Miss. 2008). In *Derouen*, the supreme court rejected a defendant's argument that it was "merely [the victim's] word against his and that there was no physical or eyewitness evidence of fondling." *Id*. at (¶9).

> This Court has found that "the testimony of a single uncorroborated witness is sufficient to sustain a conviction even though there may be more than one person testifying to the contrary." *Williams v. State,* 512 So. 2d 666, 670 (Miss. 1987). Further, . . . "[t]he unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence." *Torrey v. State*, 891 So. 2d 188, 192 [(¶18)] (Miss. 2004) [(overruled on other grounds)].

*Derouen*, 994 So. 2d at 752 (¶9); *see also Graham v. State*, 812 So. 2d 1150, 1153 (¶9) (Miss. Ct. App. 2002) ("[T]he absence of physical evidence does not negate a conviction

4

where there is testimonial evidence."). This Court has further found that "[p]hysical evidence is not required to sustain [a defendant's] convictions of statutory rape, sexual battery, or gratification of lust." *Sims v. State*, 127 So. 3d 307, 313 (¶20) (Miss. Ct. App. 2013).

¶7.     We do not find that the verdict was against the overwhelming weight of the evidence. Accordingly, the circuit court did not abuse its discretion in denying Bozeman's motion for a new trial, and this issue is without merit.

¶8.     **THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY OF CONVICTION OF FONDLING AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH EIGHT YEARS TO SERVE AND FOUR YEARS SUSPENDED, WITH THE SENTENCE TO RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED, TO PAY A FINE OF $1,000, AND TO REGISTER AS A SEX OFFENDER, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.  WESTBROOKS, J., NOT PARTICIPATING.**