McLAIN v. STATE.

(In Banc. Dec. 10, 1945.)

[24 So. (2d) 15. No. 35970.]

832

**J. H. O'Neal,** of Clarksdale, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

Argued orally by **J. H. O'Neal**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

On the night of July 1, 1944, G. O. Coker, Jr., drove his automobile to Clarksdale, and parked it beside a cafe,

leaving the keys in it. He went into the cafe, where he remained about thirty minutes. On his return the car was gone. On the following Monday night it was recovered near a gin in Clarksdale. A few days before the disappearance of the car Mr. Coker had had the oil changed, and on recovery of the car and comparison of the mileage shown by the speedometer then with the mileage in the sticker pasted on the car when the oil was changed, the car had been driven, exclusive of about three miles the owner had driven it, about 692 miles.

A few days after recovery of the car the Superintendent of Identification of the Police Department of the City of Clarksdale processed the car for finger prints. It was shown that he was a graduate of a recognized finger-print school, had twelve years practical experience, and was an officer of an international association for identification. He was fully qualified as a finger-print expert.

It does not appear from the record how many finger prints he found in the car, but he produced in court the print of the thumb of appellant, taken from the rear-view mirror. It was determined to be the thumb print of appellant, because about a month after the theft of the car, upon the occasion of the arrest of appellant and his arraignment in police court on a minor misdemeanor charge, an impression of appellant's thumb was made while he was in custody.

In March, 1945, the thumb print was developed and enlarged by photographs. The enlarged pictures of the print from the car, and the one taken while appellant was under a misdemeanor charge, are before us. The thumb print established conclusively that appellant had been in this car; but when, and under what circumstances, it was placed on the rear-view mirror, is not revealed by the mere presence of the print, nor is it definite, of itself, of the specific crime of larceny of the car, since it would be equally as potent as evidence on a charge of trespass or of receiving the car as stolen property.

The use of scientific aids in the direction of crime has expanded and progressed tremendously all over the world. Peace officers and the courts have come to rely with confidence on the aid of technicians—the use of moulages in preserving and identifying footprints and tire treads, ballistics in tracing pistol and rifle balls to the gun from which they were fired. But of all the scientific aids the science of identification of people by the use of finger prints has become generally of the greatest value. A finger print has been called an unforgeable signature. We desire to declare here our confidence in finger prints as an aid in crime detection. It has been recognized for a long time by the courts, including our Court, "as admissible in evidence in order to establish the identity of a party where the comparison of a developed finger print with that of the party alleged to have made it is shown." Willoughby v. State, 154 Miss. 653, 122 So. 757, 759, 63 A. L. R. 1319. The use of finger-print evidence is discussed in our jurisprudence in one other published case, Brown v. State, 173 Miss. 542, 158 So. 339, 161 So. 465. In both of these cases, however, the finger prints were aided by other evidence in the proof of the guilt of defendants, and the identification of the particular crimes charged. In the case before us here the sole and only proof against appellant consists of a thumb-print on the rear-view mirror, wihch is conclusive evidence of his identity, and that he had been in the car for some purpose; but evidence of identity and of presence alone is not equivalent to evidence of guilt of a particular crime, especially where several crimes could have been committed as to this car, but as to which a certain charge was made. The thumb-print here was not declaratory, as stated supra, of the nature of the crime, since it was not aided by other evidence identifying the particular crime, and did not exclude other crimes.

No witness testified to having seen appellant in Clarksdale on the night the car was stolen, or on the day it was recovered; and, as stated, there is no evidence in the rec-

ord of any kind as to when, or under what circumstances, this print was made on the rear-view mirror.

It is, therefore, our judgment that thumb print alone was not sufficient to establish the specific and definite crime of grand larceny, under the circumstances of this particular case. Therefore, the judgment of the trial court will be reversed, and appellant discharged.

Reversed and appellant discharged.