513 So.2d 1251 (1987)
Charles WOOTEN
v.
STATE of Mississippi.
No. 58170.
Supreme Court of Mississippi.
October 7, 1987.
Howard Bass, Greenville, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ANDERSON and GRIFFIN, JJ.
HAWKINS, Presiding Justice, for the Court:
Charles Wooten was convicted in the circuit court of Washington County of burglary of a Texaco station in Greenville, and sentenced to serve seven years in the Mississippi Department of Corrections as a habitual offender. We affirm.

FACTS
At 11:15 p.m. on Sunday, May 4, 1986, Greenville police officers were dispatched to the Delta Medical Center in Greenville to interview a young black male, Charles Wooten, who appeared at the hospital with a cut to the right side of the head. Wooten, who identified himself as Jerry Gray, told officers two stories: that he had been gambling, and was "jumped" by fellow gamblers near the 300 block of Eureka Street, and another that he had simply been walking in the area and was attacked.
In the 100 block of Eureka Street, about that same hour, a Texaco station was burglarized. To gain access the burglar broke a plate glass window, apparently cutting himself badly in the process, and left blood covering the glass, the floor, the cash register, and drinks stored below the cash register. Police officers lifted fingerprints less than one hour old from the wet bloody glass, which matched known fingerprints of the defendant. No witness was offered on behalf of the defendant, who had previous convictions for burglary and attempted escape.

LAW
Appellant argues that the evidence is insufficient to support the conviction, citing McLain v. State, 198 Miss. 831, 24 So.2d 15 (1945). This Court reversed McLain's conviction for grand larceny of an automobile *1252 where the sole evidence against the defendant was a thumbprint on the rear view mirror.
While fingerprint evidence alone, as in the McLain case, will not suffice to support a conviction, fingerprint evidence, coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime, will. Here, Charles Wooten's fingerprints, impressed into fresh blood, were lifted from both the inside and outside of the broken glass, indicating that they were left after the glass was broken, not before. He had injuries consistent with the blood and broken glass, which coincided in time with the break-in. Moreover, he misrepresented to the officers his name and the circumstances of his injuries.
This evidence is ample to support the conviction, and the conviction and sentence are affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.