GRIFFIS, J.,
for the Court.
¶ 1. Donnell K. Shipp was convicted of manslaughter in the Circuit Court of Deso-to County and sentenced to serve a term of twenty years, with five years suspended, in the custody of the Mississippi Department of Corrections. On appeal, Shipp asserts that his conviction is not supported by legally sufficient evidence. We find no error and affirm.
FACTS
¶ 2. On the night of August 8, 2003, Shipp and Bobby Joe Manning were playing dice and drinking at a friend’s house. They began to argue. Manning walked away from the scene of the argument, and Shipp got into his vehicle and began to drive away. The dispute continued when Shipp stopped his vehicle in the street near where Manning was walking.
¶ 3. Eyewitnesses testified that Manning walked into the street and up to Shipp’s vehicle, approaching the driver side door from the rear. Shipp fired approximately three shots out of the vehicle, striking Manning in the chest. In response, Jeffery Manning, Bobby Joe’s brother, fired a weapon at Shipp. Bobby Joe Manning-died as a result of the gunshot wound.
¶ 4. In his statement, taken the night of the shooting, Shipp told officers that he was afraid that Manning was going to cut him. Shipp asserted that he was acting in self-defense and that he saw Manning’s hand coming up from the back of his leg. Shipp claims that he fired his gun because he feared that he was being attacked with a knife.
¶ 5. An orange box cutter was found approximately ten to fifteen feet from *1281 Manning’s body. At trial, a statement was admitted through Detective Kevin McKenzie, of the Olive Branch Police Department, that the victim owned the box cutter. Additionally, Shipp introduced testimony that Manning had a reputation for violence in the community.
¶ 6. The jury returned a verdict of guilty, and the trial judge denied the defendant’s motion for judgment notwithstanding the verdict. On appeal Shipp argues that the trial court erred in denying the motion for judgment notwithstanding the verdict, because the evidence was insufficient to support a manslaughter conviction.
STANDARD OF REVIEW
¶7. In reviewing a sufficiency of the evidence claim, the court considers the evidence in the light most favorable to the verdict. Bush v. State, 895 So.2d 836, 843(¶ 16) (Miss.2005). If any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we will uphold the verdict. Id.
ANALYSIS
¶ 8. Manslaughter is defined as the killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense. Miss.Code Ann. § 97-3-35 (Rev.2000). The issue in this case is not whether Donnell Shipp actually shot Bobby Joe Manning. Instead, the issue is whether Shipp acted in self-defense when he shot and killed Manning.
¶ 9. At trial, Shipp elicited testimony that the pair was having an altercation. None of the witnesses, either for the State or the defendant, testified that they saw Manning with a weapon. Jeffery Manning, Bobby Joe’s brother, testified that the altercation was over money won in a dice game. When the argument extended into the street, Bobby Joe approached Shipp’s vehicle and announced' that he was going to return Shipp’s money. Jeffery testified that Bobby Joe made it to the driver’s door and then Shipp shot three times.
¶ 10. Travis Sanders witnessed the altercation and testified, on cross-examination, that he saw Manning walk up to Shipp’s truck and make a movement with his hand. Sanders also testified that he and the victim’s brother, Jeffrey, collected things from the crime scene before the police arrived. Both testified that they removed money from the ground after Bobby Joe was shot.
¶ 11. Sargeant Sherrie Driver, the crime scene investigator, testified that an orange box cutter was found approximately ten to fifteen feet from the pools of blood and shell casings. Through the testimony of Detective Kevin McKenzie, a statement was admitted indicating that Bobby Joe owned an orange box cutter. Chavez Sanders also testified that Bobby Joe had a reputation for violence in the community.
¶ 12. Shipp alleged that he was acting in self-defense. After hearing all the testimony, viewing the exhibits, and being instructed on the law, the jury rejected Shipp’s self-defense argument. The testimony of one credible witness is sufficient to sustain a conviction. Williams v. State, 512 So.2d 666, 670 (Miss.1987).
¶ 13. The original indictment was for murder. The jury was instructed on the lesser-included offense of manslaughter, and the prosecution proved each element of manslaughter. From the evidence presented, drawing all inferences in favor of the verdict, a reasonable jury could conclude that Shipp was not acting in self-defense and committed the crime of manslaughter.
*1282 ¶ 14. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS WITH FIVE YEARS SUSPENDED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., LEE AND MYERS, PJJ., IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. SOUTHWICK, J., NOT ■ PARTICIPATING.