LEE, P.J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. On September 22, 2004, a jury in the Quitman County Circuit Court found Ryan McClure guilty of sexual battery. The trial court sentenced McClure to eleven years, with six years to serve in the custody of the Mississippi Department of Corrections and five years suspended. McClure then filed a motion for a judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. After the trial court denied his motion, McClure appealed to this Court asserting the following issues: (1) the weight of the evidence did not support the guilty verdict; (2) the trial court erred in admitting alleged prior bad acts of McClure pursuant to M.R.E. 404(b); and (3) his trial counsel was ineffective for failing to object to his statement being entered as evidence.
FACTS
¶ 2. During the night of April 29, 2003, Sarah Smith[1] was in bed attempting to sleep when McClure came into her bedroom. McClure was a family friend and would occasionally babysit Sarah and her siblings. Sarah was sharing the bottom half of a bunk bed with her sister. McClure approached the bed, reached under the covers and inserted his finger into her vagina. Sarah, who was seven years old at the time, testified that it was painful and that McClure told her not to tell anyone. The next afternoon Sarah told her sister what happened and her sister then told their mother. The authorities were called shortly thereafter.
¶ 3. McClure testified that he had gone into Sarah’s room to look for the family’s dog at the request of Sarah’s mother. McClure stated that he felt around on the bed where Sarah was sleeping but did not find the dog there. McClure was seventeen years old at the time.
DISCUSSION
I. DID THE WEIGHT OF THE EVIDENCE SUPPORT THE GUILTY VERDICT?
¶ 4. In his first issue on appeal, McClure asserts that the trial court erred in failing to grant his motion for a JNOV *898 or, in the alternative, a hew trial as the weight of the evidence did not support the guilty verdict. Although McClure states that the weight of the evidence did not support the verdict, he clearly argues the legal sufficiency of the evidence. Thus, we look to our standard of review concerning challenges to the sufficiency of the evidence. In reviewing the sufficiency of the evidence, all evidence supporting the guilty verdict is accepted as true, and the State must be given the benefit of all reasonable inferences that can be reasonably drawn from the evidence. Bell v. State, 910 So.2d 640, 646(¶ 16) (Miss.Ct.App.2005). Furthermore, it is well-settled .law that the jury determines the credibility of witnesses and resolves conflicts in the evidence. Evans v. State, 725 So.2d 613, 680-81 (¶ 293) (Miss.1997).
¶ 5. According to Mississippi Code Annotated Section 97 — 3—95(l)(d) (Rev.2000), a person is guilty of sexual battery “if he or she engages in sexual penetration with ... [a] child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.” “Sexual penetration” includes “any penetration of the genital or anal openings of another person’s body by any part of a person’s body, and insertion of any object into the genital or anal openings of another person’s body.” Miss.Code Ann. § 97-3-97 (Rev.2000).
¶ 6. McClure argues that the State failed to produce evidence that he penetrated Sarah by inserting his finger into her vagina or anal opening. Although the only specific evidence that the penetration occurred was from Sarah, the supreme court has held that a victim’s uncorroborated testimony is sufficient to support a guilty verdict if the testimony is not contradicted or discredited by other evidence. Vaughan v. State, 759 So.2d 1092, 1098(¶ 18) (Miss.1999). McClure produced ho evidence to discredit Sarah’s testimony. In fact, the testimony of Sarah’s sister and Carol Langendoen, a forensic interviewer and social worker, bolstered Sarah’s testimony. Sarah’s sister testified that Sarah told her about the battery the day after it occurred. Langendoen interviewed Sarah shortly after the battery and testified that Sarah’s information was consistent with a child who had been sexually abused. The jury found those witnesses more credible than McClure’s story concerning his search for the family dog. We find that there was sufficient evidence for the jury to find McClure guilty of sexual battery. This issue is without merit.
II. DID THE TRIAL COURT ERR IN ADMITTING ALLEGED PRIOR BAD ACTS?
¶ 7. In his second issue on appeal, McClure argues that the trial court erred in admitting alleged prior bad acts of his into evidence. McClure claims that this evidence should have been excluded under M.R.E. 404(b) because its probative value was substantially outweighed by the danger of unfair prejudice. The specific bad acts McClure refers to are prior instances where McClure touched Sarah in an inappropriate manner. A trial court’s decision regarding the relevancy of certain evidence will not be reversed unless there is a clear, abuse of discretion. Stallworth v. State, 797 So.2d 905, 910(¶ 15) (Miss.2001).
¶ 8. Generally, evidence of a crime or wrong other than the one for which the accused is being tried is not admissible. See M.R.E. 404(b). However, there is an exception for this type of evidence: to show “proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” M.R.E. 404(b). Furthermore, “evidence of substantially similar sexual acts with the same *899 person are properly admitted in cases of sexual battery involving small children.” Allen v. State, 749 So.2d 1152, 1156(¶ 8) (Miss.Ct.App.1999); see also Hosford v. State, 560 So.2d 163 (Miss.1990); Woodruff v. State, 518 So.2d 669 (Miss.1988).
¶ 9. The prior bad acts of McClure include two instances which occurred a few months prior to the one in the bedroom on April 29. On one occasion, McClure asked to follow Sarah into the bathroom and asked to touch her. On another, Sarah was sitting in McClure’s lap when he began rubbing her breast and attempted to pull his pants down. This type of testimony is admissible and we cannot find that the trial court abused its discretion in allowing the jury to hear it. This issue is without merit.
III. WAS McCLURE’S TRIAL COUNSEL INEFFECTIVE?
¶ 10. In his last issue on appeal, McClure argues that his trial counsel was ineffective for failing to object to McClure’s statements he made to law enforcement being entered into evidence. For McClure to successfully prove ineffective assistance of counsel, he must show that his counsel’s performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 11. McClure’s statements consist of his version of the incident on April 29 as well as the two prior interactions with Sarah. These statements supported his theory of the case, namely that he was looking for the dog on the bed and touched Sarah accidentally. We cannot find any deficient performance in this instance.
¶ 12. We note that McClure thinks that his trial counsel’s failure to object to admitting his statement into evidence allowed the jury to consider the prior bad acts. However, his trial counsel did object to allowing evidence of these prior bad acts as we have already found no error concerning the admissibility of these acts.
¶ 13. THE JUDGMENT OF THE QUITMAN COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF ELEVEN YEARS, WITH SIX YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FIVE YEARS SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO QUITMAN COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. The Court of Appeals declines to identify the minor victims of sexual crimes; therefore, certain names have been changed.