¶ 1. On April 4, 2006, in the Forrest County Circuit Court, Rochester Eugene Presley was found guilty of burglary and grand larceny. Aggrieved, he appeals and alleges that there was insufficient evidence to sustain the conviction on either count. We find no error and affirm. *Page 193 
 FACTS ¶ 2. John Gray, the owner of Grayco Systems in Hattiesburg, testified that on Friday, November 12, 2004, all of his employees had left work by 5:00 p.m. When Daphne Moss, the office manager, came to the building around 5:00 p.m. the next day, she discovered that a large glass window in the rear of the building had been broken, and the office had been ransacked. She called Gray and the police to report the incident. Once the police arrived, Gray and the office manager identified several items as missing, including: two servers, three computers, a couple of printers, approximately six monitors, some keyboards, a vacuum cleaner, a CD player, a radio, and some tapes.
 ¶ 3. In addition, Gray noticed that his blue plastic key ring, with the keys to his 1995 Ford F-150, was not in the wooden desk were he left it. His truck, which Gray normally left parked behind the building, was also missing.
 ¶ 4. Upon receiving the news of the incident, Hattiesburg Police Department crime scene technician Jeff Byrd arrived at Grayco Systems to gather any possible forensic evidence. The police were able to determine that the burglary had occurred at approximately 2:15 a.m. At trial, officers admitted that they found no evidence at the crime scene that established Presley had burglarized Grayco Systems.
 ¶ 5. Derrick Minor testified that he dropped Presley off at the bus station at approximately 8:30 p.m. on November 12. He knew that Presley had a bus ticket, but Minor did not wait around to see him get on a bus.
 ¶ 6. Officer Richard Murphy, with the Orangeburg County Sheriffs Department in South, Carolina testified that he came into contact with Presley two different times while on duty in Orangeburg County on November 19, 2004. He provided little information as to the first encounter, but the second encounter began as a response to a suspicious vehicle on the side of the road. When Officer Murphy found the unattended vehicle on the side of the road, he ran the license plate number. It was a South Carolina license plate that registered as stolen and not belonging to the truck. He then ran the truck's vehicle identification number.
 ¶ 7. While awaiting the results from the vehicle identification number, Officer Murphy, with the help of another officer, found Presley approximately 300 yards away from the truck. When asked about the truck, Presley responded that it was his uncle's truck. When the information came back that the Ford F-150 was the same truck stolen from Grayco Systems, the officers placed Presley under arrest. While patting him down, they found the keys to the truck on a blue plastic key ring.
 ¶ 8. In addition to telling officers the truck belonged to his uncle, Presley gave the officers a total of four aliases and two different addresses. It was not until his fingerprints were taken that they were able to identify him.
 ¶ 9. At the conclusion of the State's case, Presley moved for a directed verdict, which was denied. The defense then rested. After the jury retired to deliberate, they returned verdicts of guilty as to the burglary of Grayco Systems and to the grand larceny of the truck. After receiving the verdicts, Presley filed a motion for judgment notwithstanding the verdict which challenged the sufficiency of the evidence among other things. The trial court denied the motion, and Presley now appeals that denial.
 ANALYSIS ¶ 10. On appeal, Presley makes only one challenge to each count. He alleges *Page 194 
that the evidence was insufficient to sustain a conviction on either count. Since this case is based only on circumstantial evidence, the test to be applied is whether "a rational fact finder might reasonably conclude that the evidence excludes every reasonable hypothesis inconsistent with guilt of the crime charged." Shields v. State, 702 So.2d 380, 382
(Miss. 1997) (citing Deloach v. State, 658 So.2d 875,876 (Miss. 1995)). However, we must view the evidence in a light most favorable to the verdict. Jones v. State,819 So.2d 558, 561(1111) (Miss.Ct.App. 2002). We now address each count separately.
 I. Whether the evidence was insufficient to support the conviction of burglary.
 ¶ 11. We first address Presley's conviction of burglary. "The crime of burglary has two essential elements, the unlawful breaking and entering and the intent to commit some crime once entry has been gained." Murphy v. State,566 So.2d 1201, 1204 (Miss. 1990). In accordance with our standard of review, we look at the facts that could support the conviction of burglary.
 ¶ 12. First, Presley was seen within a few hundred yards of Grayco Systems several hours before the burglary, as testified to by Minor. The keys to the stolen truck were kept inside the building in a wooden desk near the back of the building. The back window to Grayco Systems had been broken, and several things were missing, including the keys to Gray's truck. The keys found on Presley operated the stolen truck and were on the same blue plastic key ring as the keys that were taken. When confronted, Presley gave the arresting officers a total of four different aliases and two different addresses. In addition, when questioned about the vehicle, Presley stated that it belonged to his uncle. Clearly, there is sufficient evidence to support that a burglary had occurred, and Presley was in possession of one of the items stolen from Grayco Systems. The only question is whether the evidence was sufficient to show that Presley was the one that committed the burglary.
 ¶ 13. Presley suggests that this case is very similar toMurphy where the supreme court reversed a conviction of burglary due to insufficient evidence. Id. at 1206. InMurphy, a business was burglarized, and two power saws were taken. Id. at 1203. Murphy was seen within several hundred yards of the burglarized business and then spotted with the saws while leaving the area. Id. Two witnesses testified that they each bought a saw from Murphy, and he told them they were given to him by his cousin. Id. After the State rested its case, Murphy testified in his own defense.Id. He stated that he found the saws behind a garbage dumpster near the burglarized business. Id. He thought it was his "lucky day" and took the saws home and fixed them up.Id. The supreme court held that it was a reasonable hypothesis that someone other than Murphy stole the saws and placed them behind the dumpster to get them at a later time.Id. at 1206.
 ¶ 14. While these cases may appear similar, there is one stark difference. Murphy gave an explanation which was not demonstrably false as to why he had the saws. The same cannot be said for Presley, as his only given reason for possession of the stolen truck was that it was his uncle's truck. This was demonstrably false as the vehicle identification number clearly showed the truck belonged to Gray. In light of case law developments since Murphy, that distinction is very important.
 ¶ 15. The supreme court in Shields, decided almost seven years after Murphy, adopted the Court of Appeals for the Eleventh Circuit standard for what *Page 195 
inference can be "drawn from possession of recently stolen property." Shields, 702 So.2d at 382. "The circumstances of possession and the presence or absence of evidence of participation in the crime other than mere possession must be viewed." Id. (citing Cosby v.Jones, 682 F.2d 1373, 1380, 1382-83 (11th Cir. 1982)).
 ¶ 16. To determine the strength of the inference to be drawn from possession of stolen property, we must consider:
 1. The temporal proximity of the possession to the crime to be inferred;
 2. The number or percentage of the fruits of the crime possessed;
 3. The nature of the possession in terms of whether there is an attempt at concealment or any other evidence of guilty knowledge;
 4. Whether an explanation is given and whether that explanation is plausible or demonstrably false.
Id. at 383 (footnote omitted).
 ¶ 17. The first factor, temporal proximity, lends some strength to the inference since Presley was found in sole possession of the truck, only six days after the burglary. As to the second factor, Presley was the only person found in possession of the keys and the truck. The rest of the stolen items were still unaccounted for. However, the last two factors lend the greatest strength to the inference. Presley clearly showed guilty knowledge when found by officers in South Carolina. The license plate on the rear of the truck had been replaced with a stolen South Carolina license plate. Also, when the officers asked Presley for his name and address, he gave a total of four different aliases and two separate addresses. Finally, as to whether Presley provided an explanation as to his possession of the stolen vehicle, Presley stated that it was his uncle's truck. However, this explanation was demonstrably false since the vehicle identification number showed that the vehicle in fact belonged to Gray. This final factor is what clearly distinguishes this case from Murphy.
 ¶ 18. These factors, in combination with Presley being seen near the burglarized business within several hours of the burglary, provide enough evidence for us to conclude that there was sufficient evidence to support a conviction of burglary. Therefore, this allegation of error is without merit.
 II. Whether the evidence was insufficient to support the conviction of grand larceny.
 ¶ 19. Similar to Presley's argument against burglary, he alleges that the evidence was insufficient to support his conviction for grand larceny. Grand larceny is defined as the "taking and carrying away, feloniously, the personal property of another, of the value of Five Hundred Dollars ($500.00) or more . . . . " Miss. Code Ann. § 97-17-41(1) (Rev. 2006). The evidence clearly establishes a crime of grand larceny. The only question left for us is whether the evidence is sufficient to show that Presley committed the crime.
 ¶ 20. Our case law has held that "the presumption of guilt [of larceny], which arises from the possession of goods recently stolen, may be rebutted by an explanation or an account given by the accused as to how he acquired possession. The explanation, however, must be both reasonable and credible." Pearson v.State, 248 Miss. 353, 362, 158 So.2d 710, 714 (1963). If the explanation is not reasonable and credible, the evidence is sufficient for larceny. Wilson v. State, 237 Miss. 294,301, 114 So.2d 677, 680 (1959). Presley offered only one explanation for possession of the stolen vehicle, claiming that it was his uncle's. As proven by the vehicle identification *Page 196 
number, the truck actually belonged to Gray.
 ¶ 21. Presley cites to McLain v. State,198 Miss. 831, 24 So.2d 15 (1945) for the proposition that there was insufficient evidence to sustain the conviction. InMcLain, the supreme court reversed a conviction for grand larceny due to insufficient evidence to prove McLain was the one who committed the charged crime. Id. at 837,24 So.2d at 16. However, McLain was not found in possession of the stolen vehicle. Id. at 835, 24 So.2d at 15. Theonly evidence linking him to the stolen vehicle was a single thumbprint found inside the vehicle. Id. at 836,24 So.2d at 16. In the case before us, there exists much more evidence against Presley than one thumbprint. Presley was found in possession of the stolen truck only six days after it was stolen without a credible explanation. Additionally, he was seen several hundred yards away from the business where the truck was kept the night before it was taken. From these facts, there was sufficient evidence for the jury to find Presley guilty of grand larceny.
 ¶ 22. Therefore, this allegation is also without error.
CONCLUSION
 ¶ 23. Since sufficient evidence existed to support the convictions on both counts, we affirm the judgment of the trial court.
 ¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF FORRESTCOUNTY OF CONVICTION AS AN HABITUAL OFFENDER OF COUNT I,BURGLARY AND SENTENCE OF SEVEN YEARS WITHOUT THE POSSIBILITY OFPAROLE OR EARLY RELEASE, AND OF COUNT II, GRAND LARCENY ANDSENTENCE OF TEN YEARS WITHOUT THE POSSIBILITY OF PAROLE OR EARLYRELEASE TO RUN CONSECUTIVELY WITH THE SENTENCE IN COUNT I, ALLIN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, ISAFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORRESTCOUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.