# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00675-COA

**ROCHESTER EUGENE PRESLEY A/K/A**  **APPELLANT**
**RONALD STARKS A/K/A ZEE ZEE**
**ZELAZURRA A/K/A ZEE ZEE ZELA ZURO**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

DATE OF JUDGMENT:                 04/24/2014
TRIAL JUDGE:                              HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:   FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       ROCHESTER EUGENE PRESLEY (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                                             BY: SCOTT STUART
NATURE OF THE CASE:              CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:        DISMISSED MOTION FOR
                                             POSTCONVICTION RELIEF
DISPOSITION:                           AFFIRMED - 10/06/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., CARLTON  AND WILSON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Rochester Presley appeals the dismissal of his motion for postconviction collateral

relief (PCR). The Circuit Court of Forrest County dismissed Presley's motion after finding

that Presley failed to obtain permission from the Mississippi Supreme Court to file his motion

pursuant to Mississippi Code Annotated section 99-39-7 (Supp. 2014). Upon review, we affirm the trial court's dismissal of Presley's PCR motion for lack of jurisdiction.[1]

## FACTS

¶2. On November 12, 2004, Presley pleaded guilty to grand larceny, and the trial court sentenced Presley to serve ten years in the custody of the Mississippi Department of Corrections (MDOC), with all ten years suspended for good behavior and compliance with the conditions of probation. *Presley v. State (Presley II)*, 48 So. 3d 526, 527 (¶2) (Miss. 2010). Shortly after being released on probation on November 12, 2004, Presley broke into Grayco Systems in Hattiesburg, Mississippi, and stole the keys to a pickup truck and the truck itself, along with other items. *Id*. Police officers apprehended Presley and the stolen truck in Orangeburg County, South Carolina. *Id*. at (¶3).

¶3. On June 2, 2005, the trial court held a probation-revocation hearing and found that Presley had violated the terms and conditions of his probation by breaking into Grayco Systems and stealing a truck, and sentenced Presley to serve the remainder of his previously imposed sentence for the November 12, 2004 grand-larceny conviction. *Id*. at (¶1).

¶4. On April 4, 2006, Presley was convicted of the commercial burglary of Grayco Systems and grand larceny of the truck and sentenced to serve seven years for the burglary conviction and ten years for the grand-larceny conviction. Presley appealed his convictions, and this Court affirmed on March 18, 2008. *Presley v. State (Presley I)*, 994 So. 2d 191, 196

---

[1] *See* Miss. Code Ann. § 99-39-7.

(¶23) (Miss. Ct. App. 2008).[2] Presley next filed a PCR motion appealing the revocation of his suspended sentence and probation relative to his November 12, 2004 conviction of grand larceny. The Mississippi Supreme Court affirmed the trial court's order denying Presley's PCR motion. *Presley II*, 48 So. 3d at 530 (¶17).

¶5. Then, on August 5, 2011, Presley filed a Petition for Order to Show Cause or, in the Alternative, Petition for Writ of Habeas Corpus regarding his April 4, 2006 convictions for the burglary of Grayco Systems and grand larceny of a truck. On August 10, 2011, the trial court sent Presley a letter stating that he "cannot proceed with any motions in our court until you have received permission from the [Mississippi] Court of Appeals to proceed with any type of petitions, motions, etc. in trial court since this matter has been appealed directly." The trial court returned Presley's motion and other paperwork he filed in support of his motion.

¶6. On March 25, 2014, Presley filed a petition for a writ of mandamus seeking a ruling on his Petition for Order to Show Cause or, in the Alternative, Petition for Writ of Habeas Corpus. The supreme court sent the trial court judge a letter informing him of the petition for a writ of mandamus, and stating that a response to the petition should be filed on or before April 4, 2014. On April 24, 2014, the trial judge, treating Presley's Petition for Order to Show Cause or, in the Alternative, Petition for Writ of Habeas Corpus as a PCR motion,

---

[2] On direct appeal of his 2006 convictions, Presley raised a challenge to the sufficiency of the evidence to support the 2006 burglary and grand-larceny convictions. *Presley I*, 994 So. 2d at 196 (¶10).

3

dismissed the action and explained that Presley failed to seek permission from the Mississippi Supreme Court for authority to proceed in the circuit court.

¶7.     Presley now appeals, asserting several assignments of error:  (1) the trial court erred when it denied his motion to dismiss the grand-larceny charge from his indictment, which violated the prohibition against double jeopardy; (2) the trial court erred when it denied Presley's motion to quash the witness subpoena for Derrick Minor, the investigator for the public defender; (3) Presley was denied effective assistance of counsel.

**STANDARD OF REVIEW**

¶8.     "We will not disturb a circuit court's denial of a PCR motion unless the decision is found to be clearly erroneous." *See Brown v. State*, 71 So. 3d 1267, 1268 (¶4) (Miss. Ct. App. 2011). Questions of law are reviewed de novo. *Id*. Furthermore, this Court possesses the duty to ensure we have proper jurisdiction over a matter before addressing its merits. *Borou v. State*, 159 So. 3d 620, 622 (¶6) (Miss. Ct. App. 2015).

**DISCUSSION**

¶9.     We must first examine whether this Court possesses jurisdiction to adjudicate the merits of  Presley's appeal of the trial court's dismissal of his PCR motion.  Presley insists that the motion he filed in the trial court constitutes a petition for habeas corpus, rather than a PCR motion. In *Edmond v. Mississippi Department of Corrections*, 783 So. 2d 675, 677-78 (¶8) (Miss. 2001), the Mississippi Supreme Court explained that Mississippi Uniform Postconviction Collateral Relief Act "repealed post-conviction use of habeas corpus and

4

implemented a motion framework specifically for post-conviction collateral review of challenges to convictions or sentences, as opposed to pre-conviction challenges." However,

> [a] petition for habeas corpus is still a viable option in limited circumstances, such as a challenge of the denial of bail pending an appeal, but purely collateral post-conviction remedies attacking a judgment of conviction or sentence should be sought under authority of the Post-Conviction Collateral Relief Act since that Act, in the pure post-conviction collateral relief sense, is arguably post-conviction habeas corpus renamed.

*Putnam v. Epps*, 963 So. 2d 1232, 1234 (¶5) (Miss. Ct. App. 2007) (citing *Walker v. State*, 555 So. 2d 738, 740-41 (Miss. 1990) (internal quotation marks omitted)).

¶10. The record reflects that Presley failed to obtain permission from the supreme court to file his PCR motion. Section 99-39-7 provides, in pertinent part, that

> where the conviction and sentence have been affirmed on appeal or the appeal dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in term time or in vacation, and an order granted allowing the filing of such motion in the trial court.

*See also Williams v. State*, 98 So. 3d 484, 487 (¶8) (Miss. Ct. App. 2012). This Court previously heard Presley's direct appeal of his convictions and sentences for burglary and grand larceny. *Presley I*, 994 So. 2d at 196 (¶23). Accordingly, Presley was required to seek and obtain the supreme court's permission to file his PCR motion.

¶11. In *Epps v. State*, 837 So. 2d 243, 245 (¶6) (Miss. Ct. App. 2003) (citations omitted), this Court held that when a PCR motion is

> brought after an unsuccessful direct appeal of a criminal conviction, the failure of the movant to obtain the prior permission of the supreme court to file the motion as set out in section 99-39-27 deprives the circuit court—and, necessarily, this Court—of authority to reach the merits of the motion.

5

Since the record reflects that Presley failed to obtain permission from the supreme court before he filed his PCR motion, the trial court lacked jurisdiction to consider the motion. Since the trial court lacked jurisdiction, then this Court also lacks jurisdiction. *Id.*

¶12. Presley argues that since he filed his motion under Mississippi Code Annotated section 11-43-7 (Rev. 2012), and not Mississippi Code Annotated section 99-39-5 (Supp. 2014), the statute that governs PCR motions, then he was not requited to obtain permission from the supreme court in order to file a PCR motion in the trial court. However, Mississippi Code Annotated section 11-43-3 (Rev. 2012) states: "This chapter shall not apply to any collateral relief sought by any person following his conviction of a crime. Such relief shall be governed by the procedures prescribed in the Mississippi Uniform Post-conviction Collateral Relief Act."

¶13. We find that the trial court lacked jurisdiction to consider the merits of Presley's PCR motion because Presley failed to receive permission from the supreme court to file his PCR motion in the trial court. Accordingly, we, likewise, lack jurisdiction to consider Presley's appeal. We thus find no error in the trial court's dismissal of Presley's PCR motion.

¶14. **THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**