## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2015-KA-01778-COA

**LONNIE JORDAN A/K/A LONNIE L. JORDAN**　　　　　　　　**APPELLANT**
**A/K/A LONNIE LEE JORDAN**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/09/2015 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | BENJAMIN ALLEN SUBER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | ALEXANDER C. MARTIN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, TAKING POSSESSION OF AND TAKING AWAY AN AUTOMOBILE, AND SENTENCED TO TEN YEARS; AND COUNT II, KIDNAPPING, AND SENTENCED TO THIRTY YEARS, WITH SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED: 11/29/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.　　Lonnie Jordan was convicted of auto theft and kidnapping on November 9, 2015.　The

Copiah County Circuit Court sentenced Jordan to ten years for auto theft and thirty years for

kidnapping, to run consecutively. The circuit court denied Jordan's posttrial motions, which Jordan now appeals. We find no error and affirm.

FACTS

¶2. On February 5, 2015, Dominique Buckner left her car idling in the driveway of Kimberly Sims's house in Hazlehurst. Buckner left her two-month-old son, Austin, in the vehicle, with the driver's side door open, while she went to retrieve her three-year-old son, Aiden, from Sims's house. Buckner stated that she got out of the car to retrieve Aiden from the front porch and heard her car door close and saw her car drive off. Buckner then ran after the car screaming for her child, but the car drove away. Buckner did not see who took the car, but called the police to report the theft and kidnapping.

¶3. The Hazlehurst Police Department, the Copiah County Sheriff's Department, the Mississippi Bureau of Investigation, and other agencies coordinated an effort to locate the car carrying Austin. An Amber Alert was issued shortly after Buckner reported the crime. Early in the morning on February 6, 2015, George Howell spotted the missing vehicle on Thomas Road in Crystal Springs. Howell recognized the car from the Amber Alert and reported the location of the car to the Crystal Springs Police Department. The police found the car with Austin unharmed in the backseat, but there was no indication of a suspect.

¶4. During the several hours between the theft and the recovery of the vehicle, Christopher Davis, an investigator with the Hazlehurst Police Department, developed Jordan as a person of interest. Investigator Davis knew Jordan frequented the area where the car was stolen. A further investigation revealed that Jordan's girlfriend, LaQuanda Jefferson,

2

lived on Thomas Road approximately .1 miles from where police recovered the vehicle.

¶5.     Police questioned Jefferson that night regarding Jordan's whereabouts, but she denied seeing Jordan at the time. A few days later, Ray Johnson turned over a purse and wallet belonging to Buckner to police. Johnson, Jefferson's father, owned and lived at the home on Thomas Road with his wife, Jefferson, and Jefferson's two children. He stated he found the purse underneath his front porch, but did not know how it got there.

¶6.     The day after Johnson discovered the purse, Jefferson contacted police to change her statement. Jefferson stated that Jordan came to her house the night of the crime. When the police arrived, Jefferson alleged that Jordan asked her to hide him and then sneak him out of the house the next morning. The police then arrested Jordan based on this new evidence.

PROCEDURAL HISTORY

¶7.     On September 24, 2015, a Copiah County grand jury indicted Jordan on Count I, the unlawful possession and taking away of a vehicle, and Count II, kidnapping, in violation of Mississippi Code Annotated sections 97-17-42 and 97-3-53 (Rev. 2014), respectively. The trial occurred on November 5 and November 9, 2015, with a jury returning guilty verdicts on both counts. The jury could not agree on Jordan's sentence for the kidnapping charge. Therefore, the trial-court judge sentenced Jordan to ten years for the auto theft and thirty years for the kidnapping.

¶8.     On November 12, 2015, Jordan filed two posttrial motions, one for a judgment notwithstanding the verdict (JNOV) and one for a new trial. The trial court denied both motions on November 18, 2015. On appeal, Jordan alleges that the trial court erred in

3

denying the motion for a new trial because the verdicts were against the overwhelming weight of the evidence.

¶9.     Jordan also filed a supplemental brief and alleged the following: (1) he was unlawfully arrested; (2) the verdicts were a result of bias and prejudice and were against the weight of the credible evidence; (3) the sentence should be set aside because the jury did not hear all of the evidence; (4) the prosecutor made improper remarks in closing arguments; (5) the trial court erroneously admitted the 911-call recording; (6) the evidence was insufficient and the verdicts were against the overwhelming weight of the evidence; (7) the State did not prove the elements of the crimes beyond a reasonable doubt; (8) the circumstantial evidence did not support the verdicts; (9) the trial court erroneously denied his motion for a directed verdict; and (10) the trial court erroneously denied his motion for a new trial.

¶10.    Because several of Jordan's claims on appeal are repetitious or related, we combine his claims into the following issues:

I.      Whether Jordan was unlawfully arrested;

II.     Whether the evidence was sufficient to support Jordan's conviction;

III.    Whether the jury verdicts are against the overwhelming weight of the evidence;

IV.     Whether Jordan's sentence should be set aside because the jury did not hear all of the evidence;

V.      Whether the prosecutor made improper remarks in closing arguments; and

VI.     Whether the trial court erroneously admitted the 911 tape recording into evidence.

We find no reversible error in any of the issues and affirm.

## ANALYSIS

### I. *Whether Jordan was unlawfully arrested.*

¶11. Jordan initially contends that he was unlawfully arrested by police. He claims that police lacked probable cause for his arrest and he did not receive his *Miranda*[1] warnings. Jordan, however, failed to raise this issue prior to or at trial. "It is well-established that failure to raise an issue at trial procedurally bars review on appeal." *Boyd v. State*, 47 So. 3d 121, 123-24 (¶10) (Miss. 2010). Further, Jordan does not point to any evidence in the record to support his claim, and an appellate court "cannot consider that which is not in the record." *Hampton v. State*, 148 So. 3d 992, 995 (¶7) (Miss. 2014) (citation omitted). This issue, therefore, is without merit.

### II. *Whether the evidence is sufficient to support the jury verdicts.*

¶12. Jordan alleges the following issues related to the sufficiency of the evidence: the evidence was insufficient, the State did not prove the elements of the crimes beyond a reasonable doubt, the circumstantial evidence did not support the verdicts, and the trial court erroneously denied his motions for a directed verdict and a JNOV. We consolidate these issues for brevity and clarity as: whether the evidence was sufficient to support the jury verdicts.

¶13. We begin with the motions for a directed verdict and a JNOV. Our standards of

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 471 (1966) (mandating that the custodian read the accused his right to remain silent and right to counsel prior to an interrogation). As the record does not indicate the police interrogated Jordan, *Miranda* is not implicated here.

5

review for denials of motions for JNOV and directed verdict are the same. *Reed v. State*, 956 So. 2d 1110, 1111 (¶6) (Miss. Ct. App. 2007) (citing *Jefferson v. State*, 818 So. 2d 1099, 1111 (¶30) (Miss. 2002)). "A JNOV and directed verdict challenge the legal sufficiency of the evidence presented at trial." *Id.* "When reviewing the sufficiency of the evidence, this Court must ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Miles v. State*, 956 So. 2d 349, 350 (¶6) (Miss. Ct. App. 2007) (quoting *Shumpert v. State*, 935 So. 2d 962, 966 (¶8) (Miss. 2006)).

¶14. Jordan also asserts the State failed to prove all of the elements of the crime beyond a reasonable doubt. "The critical inquiry is whether the evidence proves all elements of the offense existed and the accused committed the act charged beyond a reasonable doubt." *Graves v. State*, 984 So. 2d 1035, 1040 (¶12) (Miss. Ct. App. 2008) (citing *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005)). The Mississippi Supreme Court has stated:

> If the facts and inferences so considered point in favor of the defendant with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty, granting the peremptory instruction or [JNOV] is required. On the other hand, if there is substantial evidence opposed to the request or motion – that is, evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair minded [jurors] in the exercise of impartial judgment might reach different conclusions – the request or motion should be denied.

*Gavin v. State*, 473 So. 2d 952, 956 (Miss. 1985).

¶15. Further, Jordan challenges the sufficiency of the circumstantial evidence. "The [supreme court] has consistently held that the State may prove a crime solely by circumstantial evidence." *Goldsmith v. State*, 195 So. 3d 207, 213 (¶24) (Miss. Ct. App.

6

2016) (citation omitted). "The test to be applied is whether 'a rational fact-finder might reasonably conclude that the evidence excludes every reasonable hypothesis inconsistent with guilt of the crime charged.'" *Id.* (quoting *Presley v. State*, 994 So. 2d 191, 194 (¶10) (Miss. 2008)). "However, we must view the evidence in a light most favorable to the verdict." *Id.* As all of these contentions implicate the sufficiency of the evidence, we must determine whether the State proved, beyond a reasonable doubt, that the crimes of auto theft and kidnapping occurred.

¶16.    The State presented witnesses who testified to an extent that established Jordan's involvement in the crimes. First, Investigator Davis testified that Jordan quickly became a person of interest because he knew Jordan frequented the area, but he could not locate Jordan's whereabouts. Investigator Davis also testified that Buckner's car and child were recovered approximately .1 miles from Jefferson's home. Lastly, Investigator Davis testified that Jefferson initially told police she did not see Jordan that night, but Jefferson later contacted him to change her story.

¶17.    Jefferson testified that the night police came to her house, she lied about not seeing Jordan that night. In her later statement to police, Jefferson stated that Jordan did come to her house that night and that he stayed in her room. When the police arrived, Jefferson testified that Jordan asked her to hide him. She stated that she hid Jordan in her children's closet until she sneaked him out of the house the next morning. Jefferson further testified that Jordan did not arrive in a car and she had to drive him home that morning.

¶18.    A third witness, Johnson, testified that he found Buckner's purse and wallet

7

underneath the front porch of his home. Johnson stated he found the purse and wallet a couple of days after the incident and turned the evidence over to police. Johnson also testified that Jordan never came onto his property in contradiction to Jefferson's testimony.

¶19. Discrepancies in witness testimony, however, do not render the evidence insufficient. "[I]t is well-settled law that the jury determines the credibility of witnesses and resolves conflicts in the evidence." *McClure v. State*, 941 So. 2d 896, 898 (¶4) (Miss. Ct. App. 2006) (citing *Evans v. State*, 725 So. 2d 613, 680-81 (¶293) (Miss. 1997)). Therefore, the witness testimony provided a sufficient basis for the jury to find Jordan guilty. As such, we find the trial court properly denied Jordan's motions for a directed verdict and a JNOV. This issue is without merit.

> III. *Whether the jury verdicts are against the overwhelming weight of the evidence.*

¶20. Additionally, Jordan argues that the verdicts were a result of bias and prejudice and were against the weight of the credible evidence, as well as that the trial court erroneously denied his motion for a new trial. These contentions all implicate the weight of the evidence, and we accordingly combine them into one issue: whether the jury verdicts are against the overwhelming weight of the evidence.

¶21. "This Court reviews a denial of a motion for a new trial for abuse of discretion." *Conner v. State*, 138 So. 3d 158, 168 (¶33) (Miss. Ct. App. 2013) (citing *Rutland v. State*, 60 So. 3d 137, 142 (¶18) (Miss. 2011)). When this Court reviews "a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand

8

would sanction an unconscionable injustice." *Bush*, 895 So. 2d at 844 (¶18) (citation omitted). With this standard in mind, we must weigh the evidence in the light most favorable to the verdict. *Id.* "[A] verdict will be set aside if it 'is the result of bias, prejudice, or is manifestly against the overwhelming weight of the evidence.'" *Johnson v. State*, 101 So. 3d 717, 723 (¶20) (Miss. Ct. App. 2012) .

¶22. Jordan again challenges the amount of evidence connecting him to the crimes. But "[a] limited amount of physical evidence, in itself, does not mean that a guilty verdict was against the weight of the evidence." *Blanchard v. State*, 55 So. 3d 1074, 1079 (¶25) (Miss. 2011). Further, "the absence of physical evidence does not negate a conviction where there is testimonial evidence." *Williams v. State*, 879 So. 2d 1126, 1128 (¶5) (Miss. Ct. App. 2004) (quoting *Graham v. State*, 812 So. 2d 1150, 1153 (¶9) (Miss. Ct. App. 2002)).

¶23. As previously discussed, the State presented evidence that Jordan frequented the area where the car was taken, that his girlfriend Jefferson lived on the same street that police recovered the vehicle, and that Buckner's purse was found at Jefferson's home. Further, Jefferson testified that she lied to police the night of the incident when she denied that she saw Jordan. Jefferson then recanted her statement a few days later, then testified at trial that she saw Jordan that night and he asked her to hide him from police.

¶24. Though the jury could doubt Jefferson's credibility, other witnesses presented testimony the jury could reasonably find credible. "The testimony of one credible witness is sufficient to sustain a conviction." *Shipp v. State*, 921 So. 2d 1280, 1281 (¶12) (Miss. Ct. App. 2006) (citing *Williams v. State*, 512 So. 2d 666, 670 (Miss. 1987)). Jordan also

9

contended the jury's verdicts resulted from prejudice or bias because of Jefferson's false statements. But we leave the determination of witness credibility to the jury. *McClure*, 941 So. 2d at 898 (¶4). Without more, we cannot find any bias or prejudice in the verdicts. Therefore, the weight of the evidence supported the jury's verdicts, and the trial court did not abuse its discretion in denying Jordan's motion for a new trial. This issue is meritless.

IV.     *Whether Jordan's sentence should be set aside because the jury did not hear all of the evidence.*

¶25.    Jordan next asserts the jury did not hear evidence of Jefferson's statement, which she gave police on February 9, 2015, or evidence of the fingerprint report. Jordan is mistaken in this contention, however. Though the statement and fingerprint report were not admitted into evidence, Jefferson testified to the contents of her February 9 statement, and Investigator Davis testified to the results of the fingerprint collection. Therefore, the jury did hear the evidence through witness testimony.

¶26.    Further, Jordan did not seek to admit the actual statement or report as part of his defense, failed to assert any error with the omission of these documents, and enjoyed cross-examination of the witnesses regarding the evidence. As such, Jordan failed to bring forth this issue at trial. "It has long been held that 'issues not brought before the trial court are deemed waived and may not be raised for the first time on appeal.'" *Edwards v. State,* 162 So. 3d 864, 866 (¶5) (Miss. Ct. App. 2014) (quoting *Tate v. State*, 912 So. 2d 919, 928 (¶27) (Miss. 2005)). Therefore, this issue is procedurally barred.

V.      *Whether the prosecutor made improper remarks in closing arguments.*

¶27.    Jordan next asserts that the prosecutor remarked in his closing arguments that Jordan

was guilty of the crimes, he stole the vehicle and kidnapped the child, he went into Jefferson's bedroom the night of the crime, and he wiped his fingerprints from the car. According to Jordan, these remarks were improper, prejudicial, and manifestly wrong, lacked evidentiary support, resulted in prosecutorial misconduct, and violated his right to a fair trial.

¶28.    "[T]he test to determine if an improper argument by a prosecutor requires reversal is whether the natural and probable effect of the . . . improper argument created unjust prejudice against the accused resulting in a decision influenced by prejudice." *Lathan v. State*, 164 So. 3d 484, 488 (¶13) (Miss. Ct. App. 2014) (quoting *Dunaway v. State*, 551 So. 2d 162, 163 (Miss. 1989)).  However, the trial transcript did not include the closing arguments, and Jordan did not raise the issue in his posttrial motions.

¶29.    The supreme court has held that "it is the duty of the appellant to see that the record of the trial proceedings wherein error is claimed is brought before this Court." *Jackson v. State*, 684 So. 2d 1213, 1226 (Miss. 1996)).  Jordan, however, does not claim error with the failure to include the closing arguments in the transcript.  Without the transcript, we cannot determine if Jordan properly objected to any comments in order to preserve this issue for appeal.  *See Gray v. State*, 487 So. 2d 1304, 1312 (Miss. 1986) ("Contemporaneous objections to allegedly erroneous comments of the prosecuting attorney in closing arguments must be made or the point is waived.").  Regardless, the alleged remarks do not appear improper.

¶30.    "The purpose of the closing argument before a jury is to enlighten the jury.  It is the duty of the district attorney to fairly sum up and point out the points presented by the [S]tate

11

on which the prosecution contends a verdict of guilty is proper." *Id.* The alleged improper remarks from the prosecutor reiterated testimony presented by other witnesses. Testimony showed that the only DNA present in the car came from Buckner, and police recovered no usable fingerprints. The State also reaffirmed Jefferson's testimony that Jordan entered her room through the window on the night of the crime.

¶31. Lastly, though "[i]t is error to argue facts prejudicial to the defendant which are not in evidence or reasonably inferable from facts in evidence," the prosecutor can comment on the evidence before the jury without committing error. *White v. State*, 847 So. 2d 886, 891 (¶18) (Miss. Ct. App. 2002). As such, we find no reversible error in this issue.

> VI.    *Whether the trial court erroneously admitted the 911 tape recording into evidence.*

¶32. Next, Jordan argues the trial court erred in allowing the State to play the 911 tape recording of Buckner's call to police. Jordan alleges the 911 tape was prejudicial with no probative value, lacked evidentiary support, was used for dramatic effect and as a ploy by the prosecutor to impassion the jury, was unnecessary, was irrelevant, violated his right to a fair trial, and its admission was manifestly wrong. Jordan, however, failed to raise these points at trial.

¶33. "The supreme court has stated that 'counsel must make specific objections in order to preserve a question for appellate review. This Court has said many times that general objections will not suffice. Objections to the admissibility of evidence must specifically state the grounds; otherwise, the objection is waived.'" *Hoye v. State*, 1 So. 3d 946, 948 (¶6) (Miss. Ct. App. 2009) (quoting *Seeling v. State*, 844 So. 2d 439, 445 (¶17) (Miss. 2003)).

12

At trial, Jordan's counsel objected to the 911 tapes and stated: "Objection, Your Honor, on the grounds that this is not the best evidence. The person who made the phone call is on the [S]tate's witness list." While not explicit, it appears Jordan objected based on the best-evidence rule embodied in Mississippi Rule of Evidence 1002, but did not assert this contention on appeal. Regardless, we will determine if the admission of the evidence violated the best-evidence rule.

¶34. "Under this Court's standard of review, the admissibility of evidence rests within the discretion of the trial judge. Unless his judicial discretion is abused, this Court will not reverse his ruling." *Seals v. State*, 869 So. 2d 429, 433 (¶13) (Miss. Ct. App. 2004). Rule 1002 states: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided by law." Further, "[t]he best evidence rule applies to documentary evidence and is concerned with the authenticity of such evidence." *Gales v. State*, 153 So. 3d 632, 645 (¶43) (Miss. 2014) (citation omitted).

¶35. The 911 tape was the original recording from the call. Darrien Murray, the assistant chief of the Hazlehurst Police Department, properly authenticated the recording. Therefore, the trial court followed the best-evidence rule rather than deferring to Buckner's testimony. *See Watson v. State*, 465 So. 2d 1091, 1092 (Miss. 1985) (the best-evidence rule "expresses a preference for original documents"). This issue is meritless.

¶36. **THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, TAKING POSSESSION OF AND TAKING AWAY AN AUTOMOBILE, AND SENTENCE OF TEN YEARS; AND COUNT II, KIDNAPPING, AND SENTENCE OF THIRTY YEARS, WITH THE SENTENCES**

13

**TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.**

**LEE, C.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.  IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**